```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JAMES K. BLAIR, pro se,                           :
                                                  :            SUMMARY ORDER
                        Petitioner,               :
                                                  :            11-CV-2753 (DLI)
            -against-                             :
                                                  :
COMMISSIONER OF SOCIAL SECURITY,                  :
                                                  :
                        Respondent.               :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On June 6, 2011, *pro se*[1] Plaintiff James K. Blair filed both a complaint against the Commissioner of Social Security and a motion for leave to proceed *in forma pauperis* ("IFP"). The court denied Plaintiff's motion for IFP status without prejudice on June 24, 2011. On July 20, 2011, Plaintiff filed a second motion for IFP status and a motion to appoint counsel.

Plaintiff's July 20, 2011 motion for IFP status is hereby granted based on Plaintiff's revised application, which provides sufficient information regarding Plaintiff's financial status. For the following reasons, Plaintiff's motion to appoint counsel is denied without prejudice.

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." To determine whether appointment of counsel in a civil litigation is proper, the court must first determine whether the plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335,

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1341 (2d Cir. 1994). If the plaintiff cannot afford counsel, the court must then examine the merits of the case to determine whether the plaintiff's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If these threshold requirements are met, then the court should consider: (1) "the indigent's ability to investigate the crucial facts," (2) "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder," (3) "the indigent's ability to present the case," (4) "the complexity of the legal issues," and (5) "any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62.

Here, the court cannot determine whether Plaintiff's position "seems likely to be of substance" based on the record currently before the court. Thus, Plaintiff's motion to appoint counsel is denied, without prejudice to renew the motion after Defendant has filed his motion for judgment on the pleadings. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2011

/s/
DORA L. IRIZARRY
United States District Judge